**IN THE CIRCUIT COURT OF RANDOLPH COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| JAMES DOUGHERTY, ) | |
| ) | |
| Plaintiff, ) | Cause No.: |
| ) | |
| v. ) | **Personal Injury** |
| ) | |
| CONAGRA BRANDS, INC., ) | JURY TRIAL DEMAND |
| **Serve**: C T Corporation System ) | |
| 120 South Central Avenue ) | |
| Clayton, MO 63105 ) | |
| ) | |
| Defendant. ) | |

**PETITION**

COMES NOW Plaintiff James Dougherty (hereinafter "Plaintiff"), by and through his undersigned attorneys, and for his cause of action against Defendant Conagra Brands, Inc. (hereinafter "Defendant"), alleges and states to the Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This action arises from severe burn injuries sustained by Plaintiff as a result of the use of a can of PAM Cooking Spray.

2. Plaintiff at all times pertinent hereto was a citizen and resident of Randolph County in the State of Missouri.

3. The PAM Cooking Spray that exploded and injured Plaintiff was designed, manufactured, marketed, exported, sold, and distributed by Defendant.

4. At all times relevant herein, Defendant was a corporation organized and existing under the laws of the State of Delaware, with its principal office located in Chicago, Illinois.

5. At all times relevant herein, Defendant was authorized to and did conduct regular and systematic business in the State of Missouri, including in Randolph County.

**EXHIBIT A**

6. At all times relevant herein, Defendant did and does conduct substantial business in the State of Missouri by purposefully causing its products, including the can of PAM Cooking Spray, the use of which resulted in Plaintiff's injury, to be marketed, distributed, sold, and used within Missouri.

7. Defendant derives significant revenue from its activities and the sale and use of its products within the State of Missouri.

8. As such, Defendant does or should reasonably anticipate being hailed into a Missouri court and have thereby consented to the personal jurisdiction of this Court pursuant to § 506.500 RSMo.

9. Defendant accepts process of service in the State of Missouri at 120 South Central Avenue in Clayton, Missouri 63105.

10. That venue in the Circuit Court of Randolph County is proper pursuant to MO. REV. STAT. §508.010 insofar that Plaintiff's injuries were sustained, and this cause of action did accrue in Randolph County, Missouri.

11. Plaintiff's claim for damages against Defendant exceeds Twenty-Five Thousand Dollars ($25,000.00), and thus proper jurisdiction is in the Circuit Court.

## FACTUAL ALLEGATIONS

12. Defendant designs, manufactures, exports, sells, and distributes a variety of food and cooking products, including the PAM Cooking Spray at issue herein.

13. On or before August 16, 2018, Plaintiff purchased the PAM Cooking Spray from his local Walmart in Randolph County in the State of Missouri.

14. At no point was Plaintiff ever aware that the cannister of PAM Cooking Spray also contained vents on the bottom of the can that could open when the can was on or near a stovetop.

15. At no point was Plaintiff ever aware that the release of the highly flammable contents within the PAM Cooking Spray could come in contact with the cooking surface when the product was not in use and cause a fire and severe burn injuries.

16. On or about August 16, 2018, Plaintiff was standing at his kitchen stove where he was cooking dinner for his family. As he was standing at the stove, the can of PAM Cooking Spray that was placed on the counter nearby, suddenly and without warning exploded, engulfing Plaintiff in flames.

17. As a result of the can's explosion, Plaintiff suffered extensive and significant burn injuries more fully and completely described herein below.

18. The aerosol can of PAM Cooking Spray that Plaintiff purchased utilized a "horseshoe" design.

19. Defendant discontinued the use of this "horseshoe" design in 2019.

20. Prior to being discontinued, there were numerous lawsuits throughout the nation alleging negligent design of the can, as the vented U-shaped marks on the bottom of the can would spontaneously release its flammable contents without warning.

21. Defendant, as one of the largest food companies in the world, knew or should have known that the PAM Cooking Spray would be purchased nationwide and used by customers in kitchens, in higher temperatures, and around stoves, as Plaintiff was using the product.

22. Despite being aware of the risks associated with this can design's venting, Defendant neglected to take proper precautions when designing, manufacturing, marketing, distributing, or selling the PAM Cooking Spray to the public, and failed to provide an adequate warning about the dangers of using such a product.

## COUNT I – STRICT LIABILITY—DEFECTIVE PRODUCT

23. Plaintiff reincorporates and re-alleges paragraphs 1 through 22 above as if fully set forth herein.

24. That on or before August 16, 2018, and for some time prior and subsequent thereto, Defendant was engaged in the business of designing, manufacturing, distributing, supplying, and selling food and cooking products, including but not limited to the PAM Cooking Spray at issue herein.

25. That on or before August 16, 2018, Plaintiff purchased the PAM Cooking Spray that was designed, manufactured, distributed, supplied, and sold by Defendant.

26. That on or before August 16, 2018, the PAM Cooking Spray used by Plaintiff was in the same or similar condition as it was in at the time of its sale and distribution by Defendant and/or any changes therein were foreseeable, and the PAM Cooking Spray was then and there defective and unreasonably dangerous.

27. That on August 16, 2018 and at all times prior thereto, Plaintiff exercised the ordinary care and caution for the safe use of the PAM Cooking Spray.

28. That at the time of the occurrence hereafter complained of and prior thereto, the PAM Cooking Spray designed, manufactured, distributed, supplied, and sold by Defendant, was unreasonably dangerous and defective when put to its ordinary and foreseeable use in one or more of the following respects:

   a. It could over-pressurize and vent flammable contents thereby creating a risk of fire and burn injuries to anyone in close proximity to the product;

   b. When it left the control of Defendant, it deviated in a material way from the Defendant's design specifications and/or Defendant's performance standards;

Electronically Filed - RANDOLPH - August 15, 2023 - 02:31 PM

specifically, that it was capable of venting at temperatures lower than Defendant's specification and/or performance standards allow;

c. It contained foreseeable risks that outweighed the benefits associated with the design;

d. The nature and magnitude of the risk of the can venting and causing a fire was high in light of the intended and reasonably foreseeable uses of the products in and around heat sources in the kitchen, including gas stoves;

e. The likelihood that product users were aware of this risk was low, given that the product was designed and advertised to be used in kitchens, for cooking, and around gas stoves, and had no adequate warnings about possible dangers of this risk;

f. The likelihood of the product causing and/or contributing to a fire due to venting was high in light of the intended and reasonably foreseeable use of the product around gas stoves and other heating sources;

g. The flammability of the product's ingredients and the product's risk of venting were more dangerous than a reasonably prudent consumer would expect when used in the intended and reasonably foreseeable manner of cooking;

h. At the time it left the control of Defendant, in the state of technical and scientific knowledge, reasonable and safer alternative designs were available with respect to the flammability of the ingredients, and alternative can designs would have prevented the contents from venting and the injuries in this case without substantially impairing the usefulness of the intended purposes of the product; and

i. The product was otherwise defective.

29. That as a direct and proximate result of the defective and unreasonably dangerous condition of the PAM Cooking Spray used by Plaintiff, the PAM Cooking Spray exploded near Plaintiff while he was using it in the ordinary and customary manner, or in the manner in which Defendant should have reasonably anticipated.

30. That as a direct and proximate result of the defective and unreasonably dangerous condition of the PAM Cooking Spray used by Plaintiff, Plaintiff sustained severe, painful, and permanent injuries and damages to his body, including, but not limited to third degree burns to much of his body. These injuries resulted in extensive medical treatment, pain, suffering, loss of enjoyment of life, permanent disfigurement, and mental anguish.

31. That as a direct and proximate result of the acts, omissions, and/or conditions as described more fully herein above, Plaintiff was caused to undergo extensive and costly emergency medical care and treatment, including numerous surgeries, skin grafts, debridement, cosmetic surgery, physical therapy, and receiving prescription medications, as well as extensive and costly follow-up medical care and treatment, and will in the future continue to require extensive and costly medical care and treatment.

32. That as a direct and proximate result of the acts, omissions, and/or conditions as described more fully herein above, Plaintiff suffered, suffers, and will in the future continue to suffer the pain and grief associated with the injuries described herein above.

33. That as a direct and proximate result of the acts, omissions, and/or conditions as described more fully herein above, Plaintiff sustained and will continue to sustain in the future economic damages, including, but not limited to, the cost of past, present, and future medical bills and lost wages.

**WHEREFORE**, Plaintiff prays for a judgment in Count I against Defendant in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs expended herein, and for such other and further relief as this Court may deem just and proper under the circumstances.

### COUNT II – STRICT LIABILITY—FAILURE TO WARN

34. Plaintiff reincorporates and re-alleges paragraphs 1 through 33 above as if fully set forth herein.

35. Defendant knew, or by using reasonably care should have known, that the PAM Cooking Spray would be used in the manner in which Plaintiff used it.

36. In researching, testing, designing, manufacturing, labeling, selling, distributing, advertising, promoting, marketing, and/or supplying the PAM Cooking Spray, Defendant knew, or should have known, that there was a high risk of injury resulting from the intended use of the PAM Cooking Spray when used in a reasonably foreseeable and intended manner.

37. Defendant knew, or should have known, that users such as Plaintiff had no knowledge or information indicating that the PAM Cooking Spray presented such a risk.

38. Defendant failed to warn consumers of the risks and dangers of the PAM Cooking Spray in, but not limited to, the following ways:

   a. Defendant knew, or in the exercise of reasonable care, should have known that the there was a significant risk of venting, fire, and burn injuries associated with the use of the product;

   b. Defendant failed to provide warnings or instructions that a manufacturer exercising reasonable care would have provided concerning the risk of venting, risk of fire, and risk of burn injuries, in light of the likelihood that some users of the product would use the product in the kitchen and in close proximity to gas stoves;

Electronically Filed - RANDOLPH - August 15, 2023 - 02:31 PM

    c. Defendant failed to provide adequate warnings that a manufacturer exercising reasonable care would have provided concerning the risk of venting, risk of fire, and risk of burn injuries; and

    d. Defendant failed to provide adequate warnings that a manufacturer exercising reasonable care would have provided concerning the types of propellants in the product including isobutane and propane.

39. That the above-described dangerous condition of Defendant's PAM Cooking Spray, and Defendant's failure to warn of the dangerous condition and the risks associated with the use of the product, was the direct and proximate cause of the injuries sustained by Plaintiff, and presented a reasonably foreseeable risk that Plaintiff and others would use the PAM Cooking Spray without adequate safety precautions and sustain the types of injuries and damages alleged herein.

40. That Defendant knew, or by using ordinary care should have known, of the dangerous condition in a substantial period of time prior to Plaintiff's injury, and therefore Defendant had actual or constructive notice of the dangerous condition in sufficient time prior to the injuries to have taken measures to protect against the dangerous condition.

41. That had Plaintiff been provided with an adequate warning of the risks of using the PAM Cooking Spray and adequate instruction on how to avoid such risks before using the PAM Cooking Spray, Plaintiff would have altered his behavior and followed such instruction.

42. That as a direct and proximate result of the defective and unreasonably dangerous condition of the PAM Cooking Spray used by Plaintiff, Plaintiff sustained severe, painful, and permanent injuries and damages to his body, including, but not limited to third degree burns to

much of his body. These injuries resulted in extensive medical treatment, pain, suffering, loss of enjoyment of life, permanent disfigurement, and mental anguish.

43. That as a direct and proximate result of the acts, omissions, and/or conditions as described more fully herein above, Plaintiff was caused to undergo extensive and costly emergency medical care and treatment, including numerous surgeries, skin grafts, debridement, cosmetic surgery, physical therapy, and receiving prescription medications, as well as extensive and costly follow-up medical care and treatment, and will in the future continue to require extensive and costly medical care and treatment.

44. That as a direct and proximate result of the acts, omissions, and/or conditions as described more fully herein above, Plaintiff suffered, suffers, and will in the future continue to suffer the pain and grief associated with the injuries described herein above.

45. That as a direct and proximate result of the acts, omissions, and/or conditions as described more fully herein above, Plaintiff sustained and will continue to sustain in the future economic damages, including, but not limited to, the cost of past, present, and future medical bills and lost wages.

**WHEREFORE**, Plaintiff prays for a judgment in Count II against Defendant in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs expended herein, and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT III – NEGLIGENT DESIGN

46. Plaintiff reincorporates and re-alleges paragraphs 1 through 45 above as if fully set forth herein.

47. That on or before August 16, 2018, and for some time prior and subsequent thereto, Defendant was engaged in the business of designing, manufacturing, distributing, supplying, and

selling food and cooking products, including but not limited to the PAM Cooking Spray at issue herein.

48. That on or before August 16, 2018, Plaintiff purchased the PAM Cooking Spray that was designed, manufactured, distributed, supplied, and sold by Defendant.

49. That at all times material herein, Defendant had a duty to design, manufacture, distribute, supply, and sell its PAM Cooking Spray with adequate protection and safety measures so as to prevent users from suffering injury from the reasonably intended use of such product.

50. That on or before August 16, 2018, the PAM Cooking Spray used by Plaintiff was in the same or similar condition as it was in at the time of its sale and distribution by Defendant and/or any changes therein were foreseeable, and the PAM Cooking Spray was then and there defective and unreasonably dangerous.

51. That on August 16, 2018 and at all times prior thereto, Plaintiff exercised the ordinary care and caution for the safe use of the PAM Cooking Spray.

52. That at the time of the occurrence hereafter complained of and prior thereto, the PAM Cooking Spray designed, manufactured, distributed, supplied, and sold by Defendant, was unreasonably dangerous and defective when put to its ordinary and foreseeable use in one or more of the following respects:

   a. It could over-pressurize and vent flammable contents thereby creating a risk of fire and burn injuries to anyone in close proximity to the product;

   b. When it left the control of Defendant, it deviated in a material way from the Defendant's design specifications and/or Defendant's performance standards; specifically, that it was capable of venting at temperatures lower than Defendant's specification and/or performance standards allow;

    c. It contained foreseeable risks that outweighed the benefits associated with the design;

    d. The nature and magnitude of the risk of the can venting and causing a fire was high in light of the intended and reasonably foreseeable uses of the products in and around heat sources in the kitchen, including gas stoves;

    e. The likelihood that product users were aware of this risk was low, given that the product was designed and advertised to be used in kitchens, for cooking, and around gas stoves, and had no adequate warnings about possible dangers of this risk;

    f. The likelihood of the product causing and/or contributing to a fire due to venting was high in light of the intended and reasonably foreseeable use of the product around gas stoves and other heating sources;

    g. The flammability of the product's ingredients and the product's risk of venting were more dangerous than a reasonably prudent consumer would expect when used in the intended and reasonably foreseeable manner of cooking;

    h. At the time it left the control of Defendant, in the state of technical and scientific knowledge, reasonable and safer alternative designs were available with respect to the flammability of the ingredients, and alternative can designs would have prevented the contents from venting and the injuries in this case without substantially impairing the usefulness of the intended purposes of the product; and

    i. The product was otherwise defective.

53. That as a direct and proximate result of the defective and unreasonably dangerous condition of the PAM Cooking Spray used by Plaintiff, the PAM Cooking Spray exploded near

Plaintiff while he was using it in the ordinary and customary manner, or in the manner in which Defendant should have reasonably anticipated.

54. That as a direct and proximate result of the defective and unreasonably dangerous condition of the PAM Cooking Spray used by Plaintiff, Plaintiff sustained severe, painful, and permanent injuries and damages to his body, including, but not limited to third degree burns to much of his body. These injuries resulted in extensive medical treatment, pain, suffering, loss of enjoyment of life, permanent disfigurement, and mental anguish.

55. That as a direct and proximate result of the acts, omissions, and/or conditions as described more fully herein above, Plaintiff was caused to undergo extensive and costly emergency medical care and treatment, including numerous surgeries, skin grafts, debridement, cosmetic surgery, physical therapy, and receiving prescription medications, as well as extensive and costly follow-up medical care and treatment, and will in the future continue to require extensive and costly medical care and treatment.

56. That as a direct and proximate result of the acts, omissions, and/or conditions as described more fully herein above, Plaintiff suffered, suffers, and will in the future continue to suffer the pain and grief associated with the injuries described herein above.

57. That as a direct and proximate result of the acts, omissions, and/or conditions as described more fully herein above, Plaintiff sustained and will continue to sustain in the future economic damages, including, but not limited to, the cost of past, present, and future medical bills and lost wages.

**WHEREFORE**, Plaintiff prays for a judgment in Count III against Defendant in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs expended herein, and for such other and further relief as this Court may deem just and proper under the circumstances.

Electronically Filed - RANDOLPH - August 15, 2023 - 02:31 PM

## COUNT IV – NEGLIGENT FAILURE TO WARN

58. Plaintiff reincorporates and re-alleges paragraphs 1 through 57 above as if fully set forth herein.

59. That Defendant, as a product manufacturer, owed Plaintiff a duty to exercise reasonable and ordinary care while designing the PAM Cooking Spray, including providing adequate warnings of the risks of using such product, yet failed to do so, and thus was negligent, reckless, and careless in the following respects:

   a. Defendant knew, or in the exercise of reasonable care, should have known that the there was a significant risk of venting, fire, and burn injuries associated with the use of the product;

   b. Defendant failed to provide warnings or instructions that a manufacturer exercising reasonable care would have provided concerning the risk of venting, risk of fire, and risk of burn injuries, in light of the likelihood that some users of the product would use the product in the kitchen and in close proximity to gas stoves;

   c. Defendant failed to provide adequate warnings that a manufacturer exercising reasonable care would have provided concerning the risk of venting, risk of fire, and risk of burn injuries; and

   d. Defendant failed to provide adequate warnings that a manufacturer exercising reasonable care would have provided concerning the types of propellants in the product including isobutane and propane.

60. That the above-described dangerous condition of Defendant's PAM Cooking Spray, and Defendant's failure to warn of the dangerous condition and the risks associated with the use of the product, was the direct and proximate cause of the injuries sustained by Plaintiff,

and presented a reasonably foreseeable risk that Plaintiff and others would use the PAM Cooking Spray without adequate safety precautions and sustain the types of injuries and damages alleged herein.

61.     That Defendant knew, or by using ordinary care should have known, of the dangerous condition in a substantial period of time prior to Plaintiff's injury, and therefore Defendant had actual or constructive notice of the dangerous condition in sufficient time prior to the injuries to have taken measures to protect against the dangerous condition.

62.     That had Plaintiff been provided with an adequate warning of the risks of using the PAM Cooking Spray and adequate instruction on how to avoid such risks before using the PAM Cooking Spray, Plaintiff would have altered his behavior and followed such instruction.

63.     That as a direct and proximate result of the defective and unreasonably dangerous condition of the PAM Cooking Spray used by Plaintiff, Plaintiff sustained severe, painful, and permanent injuries and damages to his body, including, but not limited to third degree burns to much of his body. These injuries resulted in extensive medical treatment, pain, suffering, loss of enjoyment of life, permanent disfigurement, and mental anguish.

64.     That as a direct and proximate result of the acts, omissions, and/or conditions as described more fully herein above, Plaintiff was caused to undergo extensive and costly emergency medical care and treatment, including numerous surgeries, skin grafts, debridement, cosmetic surgery, physical therapy, and receiving prescription medications, as well as extensive and costly follow-up medical care and treatment, and will in the future continue to require extensive and costly medical care and treatment.

65. That as a direct and proximate result of the acts, omissions, and/or conditions as described more fully herein above, Plaintiff suffered, suffers, and will in the future continue to suffer the pain and grief associated with the injuries described herein above.

66. That as a direct and proximate result of the acts, omissions, and/or conditions as described more fully herein above, Plaintiff sustained and will continue to sustain in the future economic damages, including, but not limited to, the cost of past, present, and future medical bills and lost wages.

**WHEREFORE**, Plaintiff prays for a judgment in Count IV against Defendant in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), for his costs expended herein, and for such other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

**PAGE LAW, LLC**

/s/ J. Brad Wilmoth
J. Brad Wilmoth, #56922
W. Bret Sullivan, # 73967
9930 Watson Road, Suite 100
St. Louis, MO 63126
P: (314)-835-5800
F: (314)-835-5899
E: brad@pagelaw.com
   bret@pagelaw.com
***Attorneys for Plaintiff***

Dated: August 15, 2023

Electronically Filed - RANDOLPH - August 15, 2023 - 02:31 PM